LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Office: 818-827-7127
Fax: 818-827-7128
e-mail: louis.p.dell@att.net

Attorney for Plaintiffs,
ARMONIA RIGSBY
and minor child J. R.

# IN THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMONIA RIGSBY,<br>J. R., a minor,<br><br>                Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a subdivision of the State of California,<br>DEBORAH DE LA PARRA,<br>KARY IKEMOTO,<br>individually and in their capacities with the County of Los Angeles Department of Childrens Services, and DOES 1 to 10, inclusive,<br>                Defendants. | CASE NO. CV 11-02766 SJO (PJWx)<br><br>[~~PROPOSED~~] ORDER ON STIPULATION FOR ENTRY OF PROTECTIVE ORDER |

An Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are specifically identified as any document containing personal information pertaining to third-parties and child dependency records produced by any of the parties.

2. Documents or other materials identified in Paragraph 1 of this Order shall be stamped or otherwise marked on the front of the document or portion(s) thereof "Confidential" by the designating party. Counsel shall not designate any discovery material "Confidential" without first making a good faith determination that protection is warranted and that the material meets the definition listed in paragraph 1, above. If Counsel determines in good faith that information, or documents being produced meet the definition, the information or documents shall be clearly labeled with the following legend: "CONFIDENTIAL pursuant to Protective Order."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party who intends to file such papers shall give five business days' notice to the party who designated such materials as "Confidential," so that the designating party has the opportunity to file the application required pursuant to Central District Local Rule 79-5.1 for such papers to be filed under seal. The filing party shall cooperate with the designating party to allow the application to be filed along with the Confidential documents or information.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any

**Order on Stipulation for Entry of Protective Order**

information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) Experts specially retained as consultants or expert witnesses in connection with this litigation.

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all

**Order on Stipulation for Entry of Protective Order**

documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. The requirement to return confidential documents to the designating party does not include any documents in the Court's possession, but does include copies of such documents in any party's possession.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall follow the procedures set forth in Central District Local Rule 37. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

12. All persons governed by this Order, by reviewing Confidential Information, or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt and sanctions, including attorneys fees, for violation fo the terms of this Order.

13. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation. Insofar as it restricts the disclosure, treatment, or use of information subject to this Protective Order, the provision of this Protective Order shall continue to be binding after the termination of this action.

Order on Stipulation for Entry of Protective Order

GOOD CAUSE STATEMENT

14. The parties seek confidential protection for all documents, testimony, transcripts or other materials in this action produced by any party or nonparty and the information contained therein. The documents produced or exhibited by and among the parties to this action relating to information and records pertain to child dependency proceedings and which are confidential pursuant to California Welfare and Institutions Code § 827.

15. Plaintiff and Defendants will be disclosing sensitive personal information, and confidential information of other individuals may also be disclosed. It is extremely important that this information remain protected in order to prevent the violation of the privacy rights of the parties and third party individuals.

**ORDER:**

PURSUANT TO the foregoing, and good cause appearing therefor,

IT IS HEREBY ORDERED that a protective order be entered forthwith pursuant to the terms set forth above.

IT IS SO ORDERED;

Dated: 6/22/11

_____
Honorable ~~S. James Otero~~ Patrick J. Walsh
U.S. ~~District Judge~~ Magistrate